IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE STURDIVANT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner of Social Security | : | NO. 14-6725 |

## ORDER

**AND NOW**, this 6th day of September, 2016, upon consideration of Plaintiff's Motion for Summary Judgment and Brief and Statement of Issues in Support of Request for Review (Docket No. 10), Defendant's Response thereto, Plaintiff's Reply, the Report and Recommendation of United States Magistrate Judge M. Faith Angell (Docket No. 22), and Plaintiff's Objections thereto (Docket No. 23), , **IT IS HEREBY ORDERED** as follows:

1.      Plaintiff's Objections are **OVERRULED**.

2.      The Report and Recommendation is **APPROVED** and **ADOPTED**.[1]

---

[1] Claimant Sturdivant argued in his Brief that the ALJ failed to give proper weight to his history of unsuccessful treatment for back and knee pain in assessing his residual functional capacity ("RFC") and rejected his claim on the ground that there was no evidence of disc herniation, nerve root impingement, or muscle atrophy, indicating fairly normal movement.  The Magistrate Judge recommends that, while the ALJ noted the absence of these conditions, (1) her RFC analysis also included a discussion of Sturdivant's medical records and his own testimony, (2) she was entitled to weigh all of the evidence and make reasonable inferences, and (3) her decision does not suggest that the mere lack of disc herniation, nerve root impingement, or muscle atrophy were conclusive, but rather part of the whole picture of claimant's condition. Sturdivant objects that the lack of certain objective evidence does not negate the presence of other objective findings that support his allegation of disabling pain. The objection is overruled. The Magistrate Judge's recommendation that the ALJ applied the appropriate legal standard to the evidence as a whole in reaching her conclusion on the level of claimant's pain and her RFC determination is fully supported by the record and is approved and adopted.

Sturdivant argued in his Brief that the ALJ failed to include his cognitive limitations — moderate restriction in concentration, persistence or pace, moderate impairment in social functioning, and the need to avoid light because of migraine headaches — in the RFC, and in hypothetical questions to the vocational expert.  The Magistrate Judge recommends that there was no reversible error because, based on a record where no medical source suggested that cognitive impairments precluded Sturdivant from working, the ALJ properly accounted for the cognitive restrictions at steps two and three of the sequential evaluation process to rate the severity of Sturdivant's mental impairments under section 12.00 of the Commissioner's Listings

3.      Plaintiff's Request for Review is **DENIED**.

4.      The Decision of the Commissioner is **AFFIRMED**.

BY THE COURT:


/s/John R. Padova
John R. Padova, J.

---

of Impairments, and that this evaluation was separate from the RFC analysis at step four of the process, where the ALJ properly used a more detailed assessment of various mental functions from those found in paragraph B of Listing 12.00.    Sturdivant's objection to this recommendation, which restates the legal and factual arguments he raised in his Brief, is overruled.    The Magistrate Judge's recommendation that the ALJ properly considered the cognitive restrictions in the multi-step evaluation process is fully supported by the record and is approved and adopted.

The Magistrate Judge also recommends that the ALJ's partial negative credibility determination regarding Sturdivant's asserted inability to sustain work was supported by substantial evidence.   He objects that the evidence that he engages in frequent mental health treatment therapies is not substantial evidence supporting the negative credibility determination on his ability to sustain work.   The objection is overruled.   The Magistrate Judge noted that the evidence upon which the ALJ relied included not only his attendance at thrice weekly NA meetings, but also his testimony that he is able to shop, use public transit, travel, attend a public rally and participate in other community activities, attend religious services and take an active role in a church leadership group, assist his grandmother with household chores, prepare meals and care for his children, and maintain friendships.   The Magistrate Judge's recommendation that the ALJ's partial negative credibility determination was supported by substantial evidence is fully supported by the record and is approved and adopted.

Sturdivant next objects to the Magistrate Judge's recommendation that the ALJ's failure to specifically mention several of his GAF scores was not reversible error.   This objection is overruled.   The Magistrate Judge correctly determined that GAF scores are to be considered in the overall context of a claimant's medical condition, not every piece of record evidence need be cited by the ALJ, and that the ALJ's summary of the record included the pertinent medical source observations and opinions.   We also approve and adopt the Magistrate Judge's related recommendation that the ALJ adequately explained why she relied on the opinion of the state agency psychological consultant in reaching her mental RFC conclusion.

Finally, we overrule Sturdivant's objection to the Magistrate Judge's conclusion that remand was not warranted.   We agree with the Magistrate Judge' determination that "new" evidence he has produced — a doctor's "check box" form, unsupported by any other documentation, stating he is disabled, and a progress note indicating his diabetes is not well controlled but not suggesting how this would impact his ability to work — would not have changed the ALJ's decision.   See Szubak v. Sec. of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984) (stating there must be a "reasonable possibility that the new evidence would have changed the outcome").